Requestor: David J. O'Connor, Village Attorney Village of Weedsport P.O. Box 236 Weedsport, New York 13166
Written by: Siobhan Shanks, Assistant Attorney General
You have asked whether local leash laws passed by a town may be enforced in a village located entirely within the town. Specifically, you inquire whether the Town of Brutus is empowered to enforce its leash law, enacted as a local law, in the Village of Weedsport. You note that the town and village previously agreed that the town would enforce the leash law within the village but that a question has arisen as to the town's authority to do so.
Agriculture and Markets Law, Article 7 (§§ 106-126) governs the licensing, identification and control of dogs. Sections 106-123 provide specific requirements to be enforced by local dog control officers; section 124 authorizes additional local laws or ordinances:
 "Any municipality may enact a local law or ordinance upon the keeping or running at large of dogs and the seizure thereof, provided no municipality shall vary, modify, enlarge or restrict the provisions of this article relating to identification, licensing, rabies vaccinations and euthanization".
Section 124 also lists the penalties that may be imposed by such local laws or ordinances.
The general enforcement scheme of article 7 contemplates concurrent jurisdiction of county, city, town and village dog control officers, so that a town officer must enforce the provisions of article 7 in a village located entirely within the town (1979 Op Atty Gen [Inf] 261; 1982 Op St Comp 150).
In a prior opinion addressing the jurisdiction of dog control officers enforcing article 7, we stated:
 "Agriculture and Markets Law § 114 provides that every town and city shall appoint and any village and any county may appoint one or more `dog control officers.' Because the whole area of the state consists of either towns or cities and they must appoint such officers, obviously, if a county may
appoint such officers, the statute contemplates concurrent jurisdiction of the county officer, on the one hand, and the city or town officer on the other; similarly, concurrent jurisdiction is contemplated between the town officer, on the one hand, and a village officer on the other. Nowhere is ther any provision in the Agriculture and Markets Law that if the county exercises its option to appoint a dog control officer, that officer is to replace the town and city dog control officers within the county either in whole or in part; neither is there any indication in the statute that if a village exercises its option to appoint a dog control officer, the town dog control officer of the town within which the village lies no longer would have jurisdiction within the village. On the contrary, Agriculture and Markets Law § 114, subdivision 1 indicates that the function of such an officer is to be exercised `within the appointing municipality' and subdivision 3 authorizes the Commissioner of Agriculture and Markets to appoint as many state dog control officers as he deems necessary to `supervise the provisions' of the statute. As further illustration of legislative intent to provide concurrent jurisdiction, consider Agriculture and Markets Law § 118, subdivisions 1 and 2 which provide that any dog control officer or peace officer in the employ of or under contract to a municipality shall seize any dog which is not identified and which is not on the owner's premises and any dog which is not licensed, whether on or off the owner's premises; also that such an officer may seize any dog `in violation of any local law or ordinance relating to the control of dogs, adopted by any municipality pursuant to the provisions of' Article 7 of the Agriculture and Markets Law" (1979 Op Atty Gen [Inf] 261, 262).
It is our opinion that the statute also authorizes a town to enforce its local law enacted pursuant to article 7 in a village located entirely within the town, absent any provision in the local law limiting the area of its applicability (see 1969 Op Atty Gen [Inf] 92; 1968 Op Atty Gen [Inf] 77). If the village has enacted dog control regulations, the town officer may enforce the provisions of the village's law but is not required to do so (1979 Op Atty Gen [Inf] 261). The village can ensure enforcement of its regulations by providing for its own dog control system (ibid.). Furthermore, section 114(4) provides ". . . any dog control officer . . . may serve any process . . . related to any proceedings, whether criminal or civil in nature undertaken in accord with the provisions of this article or any local law or ordinance promulgated pursuant thereto".
It thus appears that the Legislature's intent was to provide for concurrent jurisdiction and enforcement powers in relation to local laws enacted pursuant to article 7 as well as to the provisions of article 7 itself.
We conclude that local leash laws passed by a town pursuant to article 7 of the Agriculture and Markets Law may be enforced in a village located entirely within the town.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.